[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12646
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2010
JOHN LEY
CLERK

D.C. Docket No. 4:10-cr-00010-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN RAYMOND REEDY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 7, 2010)

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

John Reedy appeals his conviction for possession of a firearm by a

convicted felon, in violation of 18 U.S.C. § 922(g)(1). The sole issue on appeal is

whether the district court plainly erred when it allowed the Government to question his girlfriend, Shantell Dunbar, about the presence of their son, age eleven, in the car during the police chase. Reedy argues that these questions were irrelevant and prejudicial without any probative value.

We review "evidentiary rulings of the district court for an abuse of discretion." *United States v. Hoffman-Vaile*, 568 F.3d 1335, 1340 (11th Cir. 2009). "We review rulings to which the defendant objected under a harmless error standard." *Id.* An error is harmless if there is no reasonable likelihood that it "affected the defendant's substantial rights." *United States v. Khanani*, 502 F.3d 1281, 1292 (11th Cir. 2007) (quotation omitted). A defendant's substantial rights are not affected if the verdict is supported by properly-admitted evidence and the error did not substantially influence the outcome. *See id.* Evidentiary errors raised for the first time on appeal are reviewed for plain error. *Hoffman-Vaile*, 568 F.3d at 1340. Plain error exists "where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *Id.* (quotation omitted).

"All relevant evidence is admissible, except as otherwise provided by . . . these rules." Fed. R. Evid. 402. Relevant evidence is that which has "any

2

tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. We look "at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact" when an appellant asserts error under Rule 403. *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010) (quotation omitted). In a close case, we rely on the district court's judgment because

> there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury. For these reasons, the district court is uniquely situated to make nuanced judgments on questions that require the careful balancing of fact-specific concepts like probativeness and prejudice, and we are loathe to disturb the sound exercise of its discretion in these areas.

*United States v. Bradberry*, 466 F.3d 1249, 1253 (11th Cir. 2006) (quotation omitted). Additionally, the district court may admit evidence aimed at uncovering a witness's biases. *See United States v. Noriega*, 117 F.3d 1206, 1217 (11th Cir. 1997) (stating that the district court did not abuse its discretion in allowing the government to cross-examine a witness about matters "relevant to show the

3

witness's loyalty toward and bias in favor of" the defendant because any prejudice from these questions "did not outweigh substantially the probative value of the" evidence).

Reedy has, at most, properly preserved his objection as to only one question the Government asked of Dunbar. Reedy did not object to the Government's questions regarding his son until the Government had asked Dunbar about their son's name, age, and location in the car; whether their son was fastened in a baby seat; whether Dunbar said anything to Reedy about the speed he was driving considering the fact that their son was in the car; why Dunbar did not say anything to Reedy about his driving; and when during the car chase Dunbar was able to see how her son was doing. Only then did Reedy object to the questions regarding his child. Therefore, Reedy's appeal is subject to plain error review, although the single question he objected to will be reviewed for abuse of discretion. However, the result is the same under either standard because Reedy's substantial rights were not affected by this line of questioning.

The evidence about the presence of Reedy and Dunbar's son in the car during the police chase was relevant. These questions at issue went to whether Dunbar was biased enough toward Reedy that she would lie for him regarding his knowing possession of the gun. Evidence regarding a witness's bias and loyalty

4

toward a defendant is relevant. *See Noriega*, 117 F.3d 1206 at 1217. Second, the probative value of this relevant evidence was not substantially outweighed by the danger of unfair prejudice toward Reedy. While there was a risk that the jury would be prejudiced against Reedy after learning that his son was in the car with him during a high-speed police chase, it was within the district court's discretion to determine that the probative value of delving into Dunbar's bias toward Reedy was not substantially outweighed by the risk of prejudice. We are "loathe to disturb the sound exercise of [the court's] discretion." *Bradberry*, 466 F.3d at 1253.

Furthermore, even if the district court had erred in allowing this line of questioning, Reedy's substantial rights have not been affected because Reedy's guilty verdict was strongly supported by the remainder of the evidence. *See Khanani*, 502 F.3d at 1292. The evidence at Reedy's trial showed that he led the police on a high-speed chase; that at the end of the chase, he ran from his car carrying a backpack; and that a loaded firearm was found in the backpack when the backpack was recovered from a dumpster. Furthermore, the Government refuted Dunbar's testimony about where Reedy was driving that day and her testimony that no sheriff's deputies had spoken to her after Reedy was arrested. Thus, the jury could have discredited her testimony that she put the gun, which she

5

claimed did not belong to Reedy, in the backpack without his knowledge, even without her testimony related to Reedy's parenting skills. Therefore, the district court committed no error, harmful or otherwise, in admitting this testimony.

AFFIRMED.